FISHER and others, appellants, *v.* JOSEPH C. FIELD, respondent, 10 J. R. 495.

*Assignment of Equitable Interest; Declaration of Trust.*

THE appellants filed their bill in the court below, stating the following case. Letters patent were issued to B. Griffen, a soldier in the New York line, for a certain lot in the military tract, town of Aurelius. On the 24th of March, G., for a valuable consideration, sold his right to military lands, and made an assignment thereof to John Bird, on the back of the discharge, given to him by the commander in chief. In February, 1752, Bird sold and assigned the right to B. Fisher, John and G. Fisher. Under the act of the legislature, of January 8, 1793, and 27th March, 1794, these assignments were deposited and registered, on the 1st of September, 1794, according to law. The respondent having set up some claim to the lot, a hearing was had before the Onondaga commissioners. The respondent claimed under a conveyance from B. Griffen for the lot in question, dated March 15th, 1794. But the commissioners being of opinion that this deed to the respondent was in fraud of the prior right of the appellants, who had sued out a patent for the lot to Griffen, in July, 1792, which was minuted in the office of the Secretary of State, were of opinion that Fields took the lot subject to the rights of the appellants, and awarded the lot to the respondent in trust for the appellants. The bill prayed :

1. That the respondent might be decreed to convey the premises to them.

2. That the respondent be restrained from proceeding further at law against the tenants of the appellants, and for general relief.

The following instrument was proved to have been executed to Bird, when he sold his right to military lands to Bird :

"This is to certify that the bearer hereof, John Bird, is entitled to all the lands that I Benjamin Griffen, am entitled to either from the state or continent for my services as a soldier, certified in my discharge."

24th of March, 1784, signed and sealed by G.

The delivery of the discharge with this certificate endorsed thereon, was proved, and that Bird paid him 15 or 16 dollars, the usual price for soldier's right to military lands. It was also proved that in 1794, when Griffen executed the deed to Fields, the latter enquired if he had ever sold his right to lands, and G., answered he had not, but had signed a paper respecting it to some other person whom he did not name. Fields did not ask for the discharge, nor was any produced. Some money and goods were at the time paid by Fields, the purchaser, to G., but how much did not appear.

On the hearing of the cause, the Chancellor Lansing dismissed the appellant's bill with costs, on the ground that the certificate of G., in the transfer of his discharge to Bird, was neither good as a grant; nor as a contract under the statute of frauds. He held that the certificate was a nullity as a conveyance, no consideration being expressed in it, and no words legally competent to convey an interest in lands, having been made use of. Neither was it good as a contract, for it does not specify any terms of an agreement, nor express any consideration; that the consideration is a part of the agreement, and the whole agreement must be set forth; and cites *Wain* v. *Walters*, 5 East, 10, as the true rule, and as equally binding in law and equity. On appeal,

The Court of Errors held, Kent, Chief Justice, delivering the opinion of the court, that as G., at the time of the transfer to B., by the certificate, had only an equitable interest, that the certificate was an assignment of that right, and transferred his whole interest, and was sufficient for that purpose, without any words of inheritance or consideration expressed in the instrument. That it amounted to a *declaration of trust*, and was a sufficient authority to B., to procure a patent in his own name, had not the statute directed it to be issued in the name of the soldier; and that after the

patent, G., took it as a trustee to B., who had the equitable interest; especially as the act of April 6, 1790, provided, that previous sales and dispositions of the lands made by soldiers should be valid, and the patent having a retrospective effect must be deemed to have vested the lands in the patentee and his heirs from the 17th of March, 1783; that no particular form of words was requisite to create a trust.

The defendant Fields purchased of Griffen, knowing of the assignment, and therefore he was a purchaser, chargeable with the trust, and as much bound to execute the trust, as the soldier himself. Per Kent, C. J., p. 506.

This being the unanimous opinion of the court, the decree below was ordered to be *reversed*, and that a decree be made that the respondent be decreed to convey the land to the appellants, and be enjoined, &c., according to the prayer of the bill.